UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10518-RWZ

PAUL D. JONSON

v.

FEDERAL DEPOSIT INSURANCE CORPORATION

MEMORANDUM OF DECISION AND ORDER

December 30, 2016

ZOBEL, S.D.J.

Plaintiff, Paul D. Jonson, initially brought this adversary proceeding against defendant, the Federal Deposit Insurance Corporation ("FDIC"), in the United States Bankruptcy Court for the District of Massachusetts.  See Case No. 10-10817-MSH.  In his Amended Verified Complaint, Jonson alleges that the FDIC, by terminating his employment, discriminated against him because of his insolvency in a previous bankruptcy action in violation of 11 U.S.C. § 525(a) of the Bankruptcy Code (Count 1) and that it unlawfully discriminated against him in violation of 29 U.S.C. § 701, *et seq.* of the Rehabilitation Act (Count II) due to his association with his daughter, an individual with a disability.  Further, he seeks a declaratory judgment (Count III) and injunctive relief requiring the FDIC to set aside its decision and reinstate him to his former position (Count IV).  See Docket # 6 at 191-200.  The FDIC subsequently moved this court for an order withdrawing the reference, which was granted on May 17, 2016.  Docket # 5.

Before me now is the FDIC's Motion for the Entry of an Order Dismissing the Adversary Proceeding and in the Alternative to Abstain (Docket # 7), which, for the reasons set forth below, is allowed. Also pending is Jonson's motion to strike the FDIC's reply to his supplemental opposition (Docket # 24).

## I. Factual Background and Prior Proceedings

### A. Initial Ruling by Administrative Judge in Favor of Jonson

The parties appear to agree as to the lengthy sequence of prior proceedings. On January 29, 2013, the FDIC terminated Jonson from his position as Case Manager because of his "failure to meet minimum standards for employment with the FDIC, pursuant to 12 C.F.R. Part 336, Subpart B ['Minimum Standards']" when he "failed to pay [] debts . . . resulting in losses in the amount of approximately $103,078.00 to FDIC-insured institutions." Docket # 6 at 20. Jonson appealed his removal to the regional office of the Merits Systems Protection Board ("MSPB" or "Board") on the ground, among others, that the FDIC's decision to terminate him was "in derogation of the anti-discrimination provisions of the United States Bankruptcy Code, 11 U.S.C. § 525(a)" and in violation of the Rehabilitation Act and the Americans with Disabilities Act. See id. at 83-86. On June 14, 2013, an administrative judge ("AJ") issued a ruling for Jonson on the basis that the FDIC was required, but failed, to obtain concurrence from the Office of Government Ethics prior to promulgating the Minimum Standards. The FDIC filed an interlocutory appeal of that ruling to the MSPB, which, on March 28, 2014, upheld the AJ's finding and ordered the FDIC to reverse its decision to terminate Jonson. It further ordered the AJ to address Jonson's discrimination claims and determine whether his prohibited personnel practice claims were still viable given the

reversal of his removal.

### B. MSPB's Reversal and Cancellation of Interim Relief

Relying on the MSPB's favorable ruling, Jonson wrote to the Board on June 27, 2014 to "formally withdraw[] [with prejudice]. . . the claim of discrimination in violation of the Rehabilitation Act based upon his association with disabled persons; and the claim that persons at the agency engaged in prohibited personnel practices." Id. at 272. On July 17, 2014, the AJ ordered interim relief that Jonson be reinstated and noted that Jonson's "withdrawal of [his affirmative defenses under the Rehabilitation Act] will preclude him from again pursuing them before the Board." Id. at 278-79. The FDIC filed yet another interlocutory appeal. It succeeded. On May 4, 2015, the MSPB reversed its March 28, 2014 decision and ruled that the FDIC properly promulgated the Minimum Standards. Consequently, the Board canceled the AJ's order of interim relief and remanded the matter to the AJ. It further mandated that Jonson "be provided an opportunity to reinstate his affirmative defenses because they appear to have been withdrawn in reliance on the Board's decision[.]" Id. at 162 n.14.

Following the MSPB's reversal, the AJ reopened the matter and authorized the parties to engage in discovery. The FDIC propounded several discovery requests to Jonson for, among other items, information related to his affirmative defenses. Jonson failed to respond to these requests, and on December 7, 2015, the AJ ultimately entered an order imposing sanctions against Jonson for his failure to comply. The AJ further drew "an inference in favor of the agency with regard to the information sought, specifically including affirmative defenses" and "prohibit[ed] [Jonson] from introducing evidence concerning the information sought, or from otherwise relying upon testimony

3

related to that information." Id. at 551.

### C. MSPB's Final Order

Eventually, on September 26, 2016, the MSPB issued its final order denying Jonson's petition and upholding the AJ's decision to preclude Jonson from introducing evidence regarding his affirmative defenses. See Docket # 16-1 at 11 ("Because the appellant's alleged evidence of disparate treatment was properly precluded by the administrative judge's ordered sanctions, we affirm the administrative judge's denial of the appellant's disparate treatment disability claim."). The MSPB's final order informed Jonson of his right to "file a civil action against the agency on both [his] discrimination claims and [his] other claims in an appropriate U.S. district court [pursuant to 5 U.S.C. § 7703(b)(2)]." Id. at 12.

Jonson, however, chose to initiate an adversary proceeding against the FDIC in the bankruptcy court. Subsequently, I withdrew the reference upon request by the FDIC. See Docket # 5.

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action based on lack of federal subject matter jurisdiction.[1] In opposing such motion, the plaintiff bears the burden of establishing that the court has jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The FDIC's 12(b)(1) argument involves in part a factual challenge–namely whether Jonson waived his discrimination

---

[1] Defendant also moves to dismiss the adversary proceeding under Fed. R. Civ. P. 12(b)(6). Because I find sufficient reason to dismiss the proceeding for lack of jurisdiction, I will not address the FDIC's arguments for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

claims–and therefore "the plaintiff's jurisdictional averments are entitled to no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). When the FDIC's 12(b)(1) argument also involves a sufficiency challenge, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 52-53 (1st Cir. 2013). "[A] plaintiff, however, may not rest merely on unsupported conclusions or interpretations of law." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (citations omitted). Dismissal is appropriate when a "'district court lacks the statutory or constitutional power to adjudicate' the case." Seow v. Grondolsky, No. 10-cv-40174, 2012 WL 5392322 at *1 (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).

### III.    Analysis

Jonson submitted supplemental briefing as requested by this court and confirmed that he seeks to proceed with this action "pursuant to Section 7702 of the [Civil Service Reform Act]." Docket # 22 at 5. Accordingly, I will address the jurisdictional question by analyzing whether Jonson properly met the statutory requirements under section 7702 to invoke federal jurisdiction.

Section 7702 allows an aggrieved party to file a civil action in a district court "to the same extent and in the same manner as provided in section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), or section 16(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. 216(b))," provided that the MSPB has not rendered a

decision after 120 days following the aggrieved party's filing an appeal with the Board under section 7702(a).  See 5 U.S.C. § 7702(e)(1)(B).  Section 7702(a)(1) in turn enumerates the types of discrimination cases in which the MSPB must render a decision within 120 days, and if it fails to do so, the aggrieved party may then file a civil action.  See 5 U.S.C. § 7702(a)(1) (covering actions involving discrimination prohibited by section 717 of the Civil Rights Act of 1964, section 6(d) of the Fair Labor Standards Act of 1938, section 501 of the Rehabilitation Act of 1973, and sections 12 and 15 of the Age Discrimination in Employment Act of 1967).

  A.  **Count I - Discrimination Under Bankruptcy Act**

Discrimination under the Bankruptcy Act, 5 U.S.C. 525(a), is not one of the enumerated discrimination claims in section 7702(a)(1).  Thus, even assuming Jonson did not waive his discrimination claim under the Bankruptcy Act, such a claim would not qualify as an action involving discrimination appropriate for review by a district court under section 7702.  Rather, the appropriate avenue for review of Jonson's discrimination claim under the Bankruptcy Act is an appeal under section 7703, which may only be taken to the United States Court of Appeals for the Federal Circuit.  See 5 U.S.C. § 7703(a)(1) ("Any employee . . . adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision."); 5 U.S.C. § 7703(b)(1)(A) ("[A] petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit.").[2]

---

[2] Section 7703(b)(2) carves out a provision for "[c]ases of discrimination *subject to the provisions of section 7702 of this title*," to be brought in accordance with section 7702 (and thus does not require an

B.      Count II - Discrimination under Rehabilitation Act

Unlike a claim for discrimination under the Bankruptcy Act, section 7702(a)(1) does allow for appeal to the district court of a discrimination claim under section 501 of the Rehabilitation Act of 1973.  See 5 U.S.C. § 7702(a)(1).  Accordingly, if Jonson's associational discrimination claim, 29 U.S.C. § 701 *et seq.*, was not waived and was properly before the MSPB, then Jonson satisfied the jurisdictional requirements to bring suit in this court.

The record is clear, however, that Jonson's associational discrimination claim was no longer before the MSPB after Jonson officially withdrew it with prejudice on June 27, 2014.  Although the Board subsequently gave Jonson the opportunity to reinstate this claim, the record is devoid of any evidence that he did so.  Even drawing an inference in Jonson's favor and assuming that his claim was before the Board after June 27, 2014, he wholly failed to prosecute it.  In particular, he did not respond to any discovery request related to this claim with the result that the AJ imposed sanctions precluding Jonson from presenting evidence in support thereof.  At that point, as of December 7, 2015, Jonson's claim was no longer before the Board.  Further, the Board's final order discussed his affirmative defense in the limited context of explaining–and affirming–the AJ's decision to exclude it.  Accordingly, because Jonson did not have a discrimination claim pursuant to section 7702(a)(1) before the Board, this

---

aggrieved party to file a petition of appeal before the United States Court of Appeals for the Federal Circuit).  See 5 U.S.C. § 7703(b)(2) (emphasis added).  Thus, even if Jonson had elected to pursue this action under section 7703(b)(2), he would have to meet the requirements of section 7702, which he has failed to satisfy.

court does not have jurisdiction to review his appeal of the MSPB's final decision.[3]

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for the Entry of an Order Dismissing the Adversary Proceeding (Docket # 7) is ALLOWED, and Jonson's Motion to Strike the FDIC's Reply (Docket # 24) is DENIED.  Judgment may be entered accordingly.

|  |  |
|---|---|
| December 30, 2016 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | SENIOR UNITED STATES DISTRICT JUDGE |

---

[3] For the same reasons as discussed above, the court lacks subject matter jurisdiction of counts III and IV.